United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER PERGAMENSCH,

    Plaintiff,

    v.

NOVATO POLICE DEPARTMENT,

    Defendant.
_____/

No. C 06-6659 PJH

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

    The court has received plaintiff's complaint and application to proceed in forma pauperis, both filed in this court on October 25, 2006. Because there is no legal basis for plaintiff's complaint, the Court denies plaintiff's application and dismisses the complaint sua sponte.

    Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at 1831. Where a litigant is acting pro se and the court finds the litigant's complaint

1 frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant
2 notice of the deficiencies of the complaint and an opportunity to amend before final
3 dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be
4 cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v.
5 Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

6 Plaintiff's complaint proceeds against the the Novato Police Department ("NPD"), the City of Novato, the Marin County District Attorney, and the County of Marin. See Complaint, p.1. The complaint appears to stem from the actions of these defendants in connection with plaintiff's apparent detention at San Francisco International Airport after plaintiff's October 25, 2005 arrival from Russia. See id. In connection with plaintiff's alleged detention on that date, plaintiff asserts: (1) that the NPD falsely arrested and imprisoned him; (2) that NPD based its decision to arrest plaintiff on fraudulent information, and failed to investigate the underlying circumstances that would have disclosed the fraudulent nature of the information; (3) that NPD failed to provide plaintiff with proper medical care; (4) that the NPD subsequently defamed plaintiff an article that was subsequently printed in the Marin Independent Journal; (5) that the article, which referenced plaintiff as a "Russian," is "discriminating;" and (6) that the Marin County District Attorneys' office maliciously prsecuted a resulting case against plaintiff. See id.

19 These allegations are insufficient to demonstrate that the federal courts have subject matter jurisdiction over plaintiff's claims. The federal courts are only permitted to hear disputes that arise from a violation of a federal law, or disputes between citizens of different states with over $75,000 in dispute. See 28 U.S.C. §§ 1331, 1332. As such, plaintiff must demonstrate either that he and all defendants are citizens of different states, or that the defendant(s) have violated his federal rights.

25 Here, plaintiff nowhere includes allegations regarding the parties' diversity, or the amount in controversy. Nor does it appear that plaintiff would be able to properly invoke diversity of citizenship, since plaintiff appears to be a California resident, as are all named

1 defendants. See Complaint, p.1.  Alternatively, while plaintiff generally states that his "civil
2 rights were continuously violated," plaintiff nowhere provides any citation or reference to
3 any federal law in particular.  Therefore, as currently pled, it is impossible for the court to
4 determine whether the federal courts are empowered to hear the instant dispute, either by
5 way of diversity jurisdiction, or federal question jurisdiction.  In short, plaintiff has failed to
6 set forth "a short and plain statement of the claim showing that the pleader is entitled to
7 relief", as required by Rule 8 of the Federal Rules of Civil Procedure.

8 Accordingly, pursuant to its authority under 28 U.S.C. § 1915, the court hereby
9 DISMISSES plaintiff's complaint for lack of subject matter jurisdiction and because as such,
10 it is frivolous.  However, the court will nonetheless allow plaintiff an opportunity to file an
11 amended complaint.  For that amended complaint to be successful, plaintiff must
12 demonstrate a basis for federal subject matter jurisdiction, must allege separate causes of
13 action, must state a constitutional or statutory basis for each cause of action, and must
14 allege facts showing each defendant's personal involvement in the wrongful act alleged in
15 each cause of action, as well as plaintiff's harm or injury.  Any amended complaint must be
16 filed no later than **February 5, 2007**.

17 If plaintiff fails to file the amended complaint by November 29, 2006, or if he files an
18 amended complaint not in accordance with the above instructions, the case will be
19 dismissed with prejudice.

20 Because the court orders dismissal pursuant to 28 U.S.C. § 1915, plaintiff's request
21 to proceed in forma pauperis is DENIED.

23 **IT IS SO ORDERED.**
24 Dated: January 8, 2007

25 _____
PHYLLIS J. HAMILTON
United States District Judge

3